12999

CROSS *ET AL.* v. THORNLEY *ET AL.*

(155 S. E., 266)

*Mr. William C. Wolfe,* for petitioners.

*Messrs. Norvel N. Newell, Marion F. Winter* and *Lewis G. Fultz,* for Highway Commission.

*Mr. E. J. Dennis, Jr.,* for the County Treasurer.

October 15, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an application in the original jurisdiction of the Court for a writ or writs of mandamus directing and requiring the respondents Thornley, Orvin, and Hood, composing the highway commission, and the respondent Jones, as treasurer, of Berkeley County, to issue and sell bonds in the amount of $75,000.00, pursuant to the provisions of an Act of the General Assembly (36 Stat. at Large, page 1585), which is in part as follows:

"Section 1. * * * Be it enacted by the General Assembly of the State of South Carolina: The Highway Commission and the Treasurer of Berkeley County are hereby authorized and directed to issue and sell bonds of Berkeley County in the name of and on behalf of Berkeley County in the aggregate amount not exceeding Seventy-five Thousand ($75,000.00) Dollars, the proceeds thereof to be used for the following purposes, that is to say:

"(1) Forty Thousand ($40,000.00) Dollars, if so much

be necessary, to be used to complete the road * * * beginning * * * at Biggin Church. * * *

"(2) Ten Thousand (10,000.00) Dollars, if so. much be necessary, to construct the road * * * from Bonneau to Bethera. * * *

"(3) Five Thousand ($5,000.00) Dollars, if so much be necessary, to construct the road * * * from Bonneau * * * to Eady Town.

"(4) Twenty Thousand ($20,000.00) Dollars to pay the past indebtedness of Berkeley County. * * *

"Sec. 2. The said bonds shall be coupon bonds of the denomination of One Thousand ($1,000.00) Dollars each, bear such date and be payable in such instalments as may be determined by the Highway Commission and the County Treasurer, the first instalment to become due not earlier than five years from their date and the last instalment not later than April 1, 1955. They shall bear interest from their date, at a rate not exceeding six per cent per annum, payable annually, the bonds shall be issued in such form and with such provisions as to place and medium of payment of principal and interest as may be determined by the Highway Commission and the Treasurer of Berkeley County, subject however, to the limitations prescribed by this Act. * * * "

Other sections of the Act provide that the bonds shall be sold at not less than par and accrued interest, and for notice of the sale; prescribe the manner of disbursement of the proceeds; and direct the auditor to levy and the treasurer to collect a tax to pay the bonds, and the officers charged with the construction of the road projects to make application to the State highway department and to the federal government for State and federal aid in the construction of these projects, etc.

The county treasurer, in his return, states that he is ready and willing to perform all the duties required of him by the Act.

The members of the highway commission, by their return, admit that the Courts, by writ of mandamus, "can control officers or official boards vested with discretionary power, when they refuse to perform official duty or so misconceive official duty that the purposes of the law will be defeated," but allege that this proceeding is premature, as in (1) under the Act, the rate of interest, the date of issuance, the time of maturity and the amount of bonds necessary to be issued are in the discretion of the respondents; (2) the commission has done everything looking to the issuance of the bonds that could be expected of reasonably prudent business men, and "is willing and fully intends to issue the bonds, or so much thereof as may be necessary, just as soon as it can, in the exercise of reasonable business judgment, ascertain the amounts necessary and get ready to let the contracts," but, on account of the failure of the treasurer to furnish certain information as to the amount of the county's past indebtedness, the fact that the roads to be constructed or improved have not been surveyed or the cost of construction or improvement ascertained, and the fact that they have not been able to ascertain how much aid will be furnished by the federal government or the State highway department, they do not know how much money will be needed, and, therefore, what amount of bonds should be issued and sold for the several purposes named in the Act; and (3), as a corollary thereto, the bonds should not be sold until the contracts are ready to be let.

The principal argument is that, inasmuch as bonds "not exceeding $75,000.00 must be issued, and certain specified portions of the proceeds, if so much be necessary," are to be expended for certain purposes, the officials charged with the issuance and sale of the bonds obviously must exercise their discretion in ascertaining and determining the amount of bonds necessary to be issued.

The first part of Section 1 of the Act provides for the issuance of the bonds, and the latter part for the expenditure

of the proceeds. The aggregate of the authorized expenditures is $75,000.00, indicating a manifest intention on the part of the Legislature that the entire amount of $75,000.00 of bonds be issued, so that funds may be available for the purposes and in the amounts named. The words, "if so much be necessary," used with reference to the three road projects, in the latter part of the section, have to do only with the expenditure of the funds and not with the issuance of the bonds. The intention of the Legislature that bonds should be issued in the amount of $75,000.00 is clear, and in that respect the law is mandatory. If it should happen that the whole amount of money authorized to be used for any one project or purpose should not be necessary, then the surplus, as property of the county, would be subject to such use or disposition as may be provided for by law, such contingency having no effect, however, on the validity of the bonds, as the purchasers of the bonds are not required to see to the application of the proceeds. Section 2 of the Act does not affect the situation, for the reason that it provides that the commission shall exercise its judgment only in the matter of details in the issuance of the bonds.

As we find the Act mandatory with regard to the issuance of the bonds, the questions of the county's past indebtedness, the surveys and estimates for the road projects, and the amount of aid that may be procured from the federal government or the State highway department, are immaterial. And so, as to the necessity or non-necessity for the expenditure of the funds to be derived from the sale of the bonds, the Legislature, in passing the Act found as a fact that such necessity existed. We do not criticize the respondents for the delay that has already occurred, attributing it to a misunderstanding of the terms of the Act as well as of their duty thereunder, but the issuance and sale of the bonds should now proceed as directed by the Legislature.

Accordingly; the Court will make this order in the alter-

native, that is to say, unless the respondents execute, issue, and sell bonds to the amount of $75,000.00 within thirty days from the date of filing of the remittitur herein, then a peremptory writ of mandamus will issue, compelling performance of such duty; and it is so ordered. In case the respondents fail to execute, issue, and sell the bonds within the time stated, then at any time thereafter the petitioners may apply to the Chief Justice or the senior Associate Justice for a peremptory writ of mandamus, which in such case shall forthwith issue without further formality or proceeding; and the Chief Justice or such Associate Justice is hereby authorized to issue such writ or writs, in term time or during vacation, on behalf of the Court.

Let copies hereof, duly certified, be forthwith served upon each of the respondents. The Court will retain jurisdiction of the proceeding for the purpose of issuing any further orders or writs herein.

MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER and MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH concur.